Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50133 | **DATE** | 11/27/2001 |
| **CASE TITLE** | Arreola vs. York International Corporation, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant York International Corporation's motion for summary judgment [20] is granted and this case is hereby dismissed in its entirety with prejudice.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 28 2001 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | |
| | | NOV 28 2001 | |
| | | date mailed notice | |
| | courtroom deputy's initials | 2001 NOV 28 AM 10:59 | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Arreola, filed a two-count complaint alleging identical claims of discrimination on the basis of race and national origin against defendants York International Corporation (York) (Count I) and Imeco, Inc. (Imeco) (Count II) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). (Although the complaint refers to sex discrimination, plaintiff in his memorandum states that he "is not pursuing an action for sexual harassment.") Jurisdiction and venue are proper under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331, 1343(a)(4), 1391(b). Defendant York International Corporation has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff was employed by a temporary placement agency that placed him in the plant of Imeco, a business group of York, beginning in July 1998, as an assembler. Plaintiff applied for full-time employment at Imeco; was hired effective February 8, 1999; and worked as an assembler with Imeco until his voluntary resignation on May 11, 1999. Plaintiff alleges that he was harassed because of his Native American and Mexican national origin by Daryl Mixen (Mixen) and Bob Stretz (Stretz). Stretz was a co-employee of plaintiff's at Imeco. The parties disagree about whether Mixen was a supervisor or a co-employee. Mixen was plaintiff's Lead Person until March 17, 1999, when Mixen was demoted to the position of assembler. It cannot be reasonably disputed that Mixen was a co-employee after March 17, 1999, when Mixen and plaintiff were both assemblers. The dispute with regard to Mixen's status therefore concerns the period before March 17, 1999.

The Seventh Circuit has held "that the essence of supervisory status is the authority to affect the terms and conditions of the victim's employment. This authority primarily consists of the power to hire, fire, demote, promote, transfer, or discipline an employee. Absent an entrustment of at least some of this authority, an employee does not qualify as a supervisor for purposes [of] imputing liability to the employer." Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1034 (7th Cir. 1998). Although a Lead Person's responsibility included directing the flow of the work of a team and filling out performance reviews evaluating job knowledge, experience, productivity, and attendance, it is undisputed that a Lead Person did not have the authority to hire, fire, demote, promote, transfer, or discipline employees. See Bullman v. Penske Truck Leasing Co., L.P., 2000 WL 943877, *7 (N.D. Ind.) (lead men who, similar to a foreman, coordinated employee activities with management's goals and who could recommend discharge of employees, held not to be supervisors under Title VII standards where ultimate discretion to terminate employment was entrusted to supervisors above the lead men). Therefore, Mixen was not a supervisor during the period he was plaintiff's Lead Person.

The harassment therefore was by one or more co-employees and not by a supervisor. As a prerequisite for liability in this situation, Imeco must have had notice or knowledge of the harassment. See Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1035 (7th Cir. 1998). The Seventh Circuit has held that "an employer cannot be expected to correct harassment unless the employee makes a concerted effort to inform the employer that a problem exists." Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1035 (7th Cir. 1998) quoting Perry v. Harris Chernin, Inc., 126 F.3d 1010, 1014 (7th Cir 1997). Having notice or knowledge of co-employee harassment, an employer must respond in a way that is reasonably likely to prevent future harassment. Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1035 (7th Cir. 1998).

Plaintiff reported two types of harassment to Tim LeFevre (LeFevre), the Imeco supervisor designated to handle harassment complaints. First, plaintiff reported being harassed by Mixen. A week after this report, Imeco suspended Mixen for three days, demoted him from his Lead Person position, and reduced his pay. This response was reasonably likely to prevent future harassment, and in fact Mixen did not harass plaintiff again. No complaint about Stretz was ever made, so Imeco could not be expected to take action to stop him. Second, plaintiff complained of graffiti that started to appear in the bathroom after the action against Mixen. The parties disagree over whether LeFevre was given sufficient notice of the graffiti by plaintiff in two comments, one while LeFevre and other employees were searching for a missing item on the Plant floor and the other while in the Plant Yard without any specific description of harassment. The third time it was mentioned, it was to Kavanagh on May 11, 1999, after which date plaintiff did not return to work at Imeco. Whether or not LeFevre received sufficient notice, the janitor was under instructions to remove all graffiti and Mike MeKeel, Mixen's successor as plaintiff's Lead Person, had weekly section meetings addressing the graffiti problem. These measures were ineffective at stopping the graffiti. However, the law does not require that an employer's actions stop the harassment, only that they be timely and reasonably likely to prevent a recurrence. Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1035 (7th Cir. 1998). Absent specific identification of the offenders, these two measures were timely and reasonably likely to prevent recurrence of the graffiti.

Finally, the court notes that the graffiti alone, graphic and offensive though it was, was only in restroom stalls, and was not sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive working environment. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998). Therefore, there was no actionable hostile environment.

Technically, the motion for summary judgment was not filed on behalf of defendant Imeco, Inc., although neither side has raised the issue. Neither side distinguishes between the two defendants and the record shows Imeco is a business group of York International. The court may properly treat the two defendants together. See Bonny v. Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993), cert. denied, 510 U.S. 1113 (1994).

For the reasons stated above, defendants' motion for summary judgment is granted and this case is dismissed in its entirety with prejudice.